UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARMEN E. CHERIS,<br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-108-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Carmen E. Cheris on March 29, 2021, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 19], filed November 19, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On January 5, 2022, the Commissioner filed a response, and Plaintiff filed her reply on February 1, 2022. For the following reasons, the Court remands the Commissioner's decision.

**I. Background**

On April 5, 2019, Plaintiff filed an application for benefits alleging that she became disabled on January 25, 2019. Plaintiff's application was denied initially and upon consideration. On July 29, 2020, Administrative Law Judge ("ALJ") Leeanne Foster held a telephonic hearing at which Plaintiff, along with an attorney, and a vocational expert ("VE"), testified. On September 10, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2. The claimant has not engaged in substantial gainful activity since January

        25, 2019, the alleged onset date.

3. The claimant has the following severe impairments: uterine fibroids, menorrhagia, anemia, obesity, and hypertension.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform sedentary work except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs and can never climb ladders, ropes, or scaffolds.

6. The claimant is unable to perform any relevant past work.

7. The claimant was a younger individual age 45-49 on alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2019, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.      Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III.   Analysis

Plaintiff argues that the ALJ erred in weighing the reports of Plaintiff's treating practitioner, evaluating the RFC, and weighing Plaintiff's credibility. The Commissioner argues that the opinion is supported by substantial evidence.

When assessing subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304. The ALJ is not permitted to

> [m]ake a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.

SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 at *9. "[T]he absence of objective medical

4

corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.") The Court will only overturn an ALJ's subjective symptom determination is it if "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

In this case, the ALJ listed Plaintiff's main complaints, then stated, "While the statements about the intensity, persistence, and limiting effects of the claimant's symptoms have been considered carefully; the record in its entirety, including the objective evidence, is inconsistent with a finding of disability." AR 15.  The ALJ then summarized the medical evidence in some detail, including Plaintiff's reports of limitations from her fibroids and the medical evidence of them. However, "[a] list of evidence punctuated with a conclusion does not discharge an ALJ's duty to form a logical bridge between the evidence and [her] conclusion that [Plaintiff] has no marked limitations." *Pimentel v. Astrue*, No. 11 CV 8240, 2013 U.S. Dist. LEXIS 2548, at *25 (N.D. Ill. Jan. 8, 2013); *see also Smith v. Astrue*, No. 02 CV 6210, 2011 U.S. Dist. LEXIS 17691, at *31 (N.D. Ill. Feb. 22, 2011) ("cataloguing [the evidence] is no substitute for analysis or explanation"). The ALJ found that Plaintiff's fibroids constituted a severe impairment, which means it is "an impairment or combination of impairments that significantly limits one's physical or mental ability to do basic work activities." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting 20 C.F.R. § 404.1520(c)) (quotation marks omitted). However, she did not explain whether she considered

any of the reported limitations to be exaggerated and did not explain how, if at all, the limitations were incorporated into the RFC. Even though they may not themselves be disabling, extreme pain and fatigue for up to seven days per month, along with the need to take bathroom breaks as often as every 30 minutes for 20-30 minutes a time during those days, could obviously affect Plaintiff's capacity for work. Despite that, the ALJ's opinion does not include any discussion of their limiting effects, either as part of the RFC or to describe why she completely discounted them, and this omission is an error. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). The omission is particularly concerning because the VE testified that anything more than eight minutes per hour of time off task or more than one day of absence per month for the first several months would be work preclusive, AR 60, raising concerns that the ALJ overlooked the evidence of limitations that might lead to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.")

Plaintiff argues that the ALJ also failed to discuss Plaintiff's anemia and ischemic heart disease, nor did she explain how she incorporated the symptoms of shortness of breath, headaches, and fatigue into the RFC. Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, she must consider the combination of impairments, and explain how she incorporated all of symptoms and limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even

6

those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski*, 322 F.3d at 917). In addition, the "ALJ must also consider the combined effects of all the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014) ("We keep telling the Social Security Administration's administrative law judges that they have to consider an applicant's medical problems in combination."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523; *Golembiewski*, 322 F.3d at 918). This the ALJ failed to do, and this case must be remanded for a new RFC that incorporates all of Plaintiff's limitations, including an explanation of how the limitations from each of her impairments (particularly her severe impairments, but also those that are not severe), alone and in combination, are taken into account in the RFC.

This case is being remanded for a new determination of the effects of Plaintiff's non-severe limitations in combination with her severe limitations. On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to the conclusion. The ALJ is particularly reminded of the need to analyze a number of factors when determining the weight to give to medical opinions in the record, including relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2). In addition, particularly when considering the effects of

Plaintiff's fibroids, the ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

### IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 12th day of August, 2022.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:  All counsel of record